UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-14284-ROSENBERG
MAGISTRATE JUDGE REID

FELIPE, KENNETH,

     Petitioner,

v.

MARK S. INCH,
SEC'Y, FLORIDA DEP'T. OF CORR.,

     Respondent.

_____/

## REPORT OF MAGISTRATE JUDGE

### I.    Introduction

P*ro se* Petitioner, Kenneth Felipe, has filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction and sentence for first-degree murder, kidnapping, and tampering with physical evidence, following a jury trial in the Circuit Court of the Tenth Judicial Circuit in and for Highlands County, Case No. 2012-CF-000645. [ECF No. 8]. This Cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B), (C); S.D. Fla. Admin. Order 2019-02; and the Rules 8(b) and 10 governing Section 2254 Cases in the United States District Courts. [ECF No. 4].

The Undersigned has reviewed the Amended Petition [ECF No. 8], the State's Response to the Court's Order to Show Cause [ECF No. 12] all pertinent portions of the underlying criminal file in Petitioner's state court case [ECF Nos. 13, 14], and Petitioner's Reply. [ECF No. 17]. For the reasons stated below, the Amended Petition should be DENIED because the claims are unexhausted and procedurally barred or otherwise fail on the merits.

## II.    Claims

Construing the Amended Petition liberally as afforded *pro se* litigants, pursuant to *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Petitioner raises four claims as follows:

1. The trial court violated *Bruton v. United States,* 391 U.S. 123 (1968), when it denied Petitioner's motions for severance of defendants and overruled objections to testimony where co-defendant's statements were repeated by other witnesses. [ECF No. 8 at 5].

2. The trial court erred when it denied Petitioner's motion for judgment of acquittal because there was insufficient evidence of malice to elevate manslaughter to premeditated murder. [*Id*. at 7].

3. The trial court violated *Crawford v. Washington*, 541 U.S. 36 (2004), in allowing the medical examiner to testify to the toxicology report. [*Id*. at 8]. Petitioner's expert testimony and test were more accurate. [*Id*.].

4. The trial court failed to recuse itself for bias in violation of the Sixth- or Fourteenth Amendment. [*Id*. at 10]. On the record, the court called Petitioner a "coward," "deceiver," "liar," and "cheater." [*Id*.]. Petitioner also relies on *Brecht v. Abramson,* 507 U.S. 619 (1993). [*Id*.].

5. Counsel was ineffective for failing to file a motion to compel the testimony of expert witness Susan Adams. [*Id*. at 16].

In addition, Petitioner seeks an evidentiary hearing and "any relief this court deems necessary." [*Id*. at 15].

As a preliminary matter concerning Claim 5 -- the ineffective assistance of trial counsel claim -- Petitioner, who was represented by three seasoned, trial attorneys[1], presents his claim against "counsel" generally. [ECF. No. 8 at 16]. It is Petitioner's burden, however, to demonstrate which of his attorneys were ineffective. *See generally Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011).

---

[1] Attorneys Byron Hilleman, Christopher Boldt, and Shirley Whitsitt represented Petitioner for pre-trial and trial proceedings. [*See* ECF No. 13-2 at 2]. Hileman became a member of the Florida Bar in 1977, Boldt in 1989, and Whitsitt in 1994. The Court has taken judicial notice of the online lawyer directory of the Florida Bar located at the following URL: www.floridabar.org. *See* Fed. R. Evid. 201.

2

### III.     Procedural History

#### A.   *Information, Trial Verdict, Sentencing*

Petitioner and a co-defendant were initially charged by Information with second degree murder, abuse of a dead human body, and tampering with physical evidence.[2] [ECF No. 13-1 at 2-4]. Later, Petitioner was charged by way of Indictment with (Count 1) first-degree murder, in violation of Fla. Stat. § 782.04; (Count 2) kidnapping, in violation of Fla. Stat. § 787.01, a first-degree felony; and (Count 3) tampering with physical evidence, in violation of Fla. Stat. § 918.13, a third-degree felony. [*Id.* at 6-8]. An Amended Indictment charged Petitioner with the same. [*Id.* at 10-12]. The trial court granted Petitioner's motion for change of venue and moved the trial to Polk County, Florida.[3] [*Id.* at 16]. Following a joint trial with co-defendant Jonathan Rodriguez, a jury found Petitioner guilty of all charges. [*Id.* at 18]. The trial court sentenced Petitioner to life without parole for each of Counts 1 and 2, to run consecutively, as well as five years for Count 3 to run consecutive to the sentence imposed for Count 2. [*Id.* at 26-28]. Petitioner was granted 988 days as credit for time served. [*Id.* at 29].

#### B.   *Direct Appeal*

Petitioner appealed to the Second District Court of Appeal ("Second DCA") in Case No. 2D15-935. [ECF No. 13-1 at 39-98]. There, he raised, *inter alia*, claims similar to Claims 1, 3, and 4 in this instant proceeding. Specifically:

1.  The trial court abused its discretion and denied Petitioner his right to Due Process when it denied his motion for severance under *Bruton* [*Id.* at 40, 73-78].

---

[2] Highlands County is located in the Southern District of Florida. *See* 28 U.S.C. § 89(c). Petitioner is currently housed at Century Correctional Institution in Century, Florida, located in Escambia County. Escambia County is located in the Northern District of Florida *See* 28 U.S.C. § 89(a).

[3] Polk County is located in the Middle District of Florida. *See* 28 U.S.C. § 89(b). The Middle District of Florida transferred this case to this Court. [ECF No. 3].

2. The trial court erred in allowing the medical examiner to testify to the toxicology report in violation of the Sixth Amendment right to confrontation clause, *Crawford*, and *Richardson v. State*, 761 So. 2d 1232 (Fla. 2d DCA 2000). [*Id*. at 40, 78-91]. The testimony, also, amounted to hearsay. [*Id*. at 91].

3. The trial court should have disqualified itself after referring to Petitioner as a liar, hypocrite, and coward during sentencing in violation of Florida case law. [*Id*. at 40, 94-97].

Petitioner filed a supplemental appellate brief adding an additional claim: the trial court erred when it denied his motion for judgment of acquittal where there was insufficient evidence to support kidnapping or felony murder. [*Id*. at 168-176].

On May 4, 2016, the Second DCA affirmed Petitioner's conviction and sentence, *per curiam* and without written opinion. *See Felipe v. State*, 197 So. 3d 49 (Fla. 2d DCA 2016). Petitioner did not seek discretionary review from the Florida Supreme Court. The time for doing so expired thirty days after the appellate court's affirmance of Petitioner's conviction; therefore, his conviction became final on June 4, 2016. Since Petitioner did not seek discretionary review from the Florida Supreme Court, he is not entitled to an additional ninety days to seek a writ of certiorari in the Supreme Court of the United States. *See Gonzalez v. Thaler*, 565 U.S. 134 (2012); *see also* Sup. Ct. R. 13. However, assuming without deciding that Petitioner is entitled to appeal to the Supreme Court of the United States, then, alternatively, his conviction would become final ninety days after the Second DCA affirmed his conviction, on August 2, 2016, when the time to file for a writ of certiorari. *See id.* Accordingly, Petitioner had one year, until **August 2, 2017**, to timely file a federal habeas petition absent any tolling motions. *See* 28 U.S.C. § 2244(d).

## C.  Relevant Post-Conviction Proceedings

On May 15, 2017, Petitioner filed a motion to vacate his sentence pursuant to Fla. R. Crim. P. 3.850. [ECF No. 13-1 at 197-231]. There, Petitioner raised numerous ineffective assistance of

counsel claims and one cumulative effect claim. [*Id.*]. However, the only claim relating to the instant federal proceeding is a claim that counsel failed to file a motion to compel the testimony of Susan Adams. [*Id*. at 198-205]. The state court denied the motion to vacate finding Petitioner's claims to be controverted by the record and "meritless." [ECF No. 13-2 at 2-12].

Petitioner again appealed to the Second DCA in Case No. 2D18-1280 raising the same ineffective assistance of counsel claims as presented in his Rule 3.850 motion. [ECF No. 13-3 at 175-206]. On March 15, 2019, the Second DCA affirmed the denial of relief, *per curiam* and without written opinion. *See Felipe v. State*, 272 So. 3d 1265 (Fla. 2d DCA 2019). Petitioner's motion for rehearing was denied on April 12, 2019. [ECF No. 13-3 at 214]. Petitioner appealed to the Florida Supreme Court, which dismissed the case for lack of jurisdiction. [ECF No. 13-3 at 217]. The Second DCA issued its mandate on June 10, 2019. [ECF No. 13-3 at 219].

Petitioner timely filed his original federal habeas Petition on August 2, 2019.[4] [ECF No. 1]. Finally, he filed the operative Amended Petition [ECF No. 8], which is now ripe for review.

## IV.    Applicable Law

### A.   *Standard of Review in § 2254 Cases*

This Court's review of Petitioner's claims is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214 (1996). *See Abdul–Kabir v. Quarterman*, 530 U.S. 233, 246 (2007); *see also Davis v. Jones*, 506 F.3d 1325, 1331, n.9. (11th Cir. 2007). "AEDPA limits the scope of federal habeas review of state court judgments." *Pittman v. Sec'y, Fla. Dep't of Corr.*, 871 F.3d 1231, 1243 (11th Cir. 2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions

---

[4] Prisoners' documents are deemed filed at the moment they are delivered to prison authorities for mailing to a court, and absent evidence to the contrary, will be presumed to be the date the document was signed. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); *see also Houston v. Lack*, 487 U.S. 266 (1988) (setting forth the "prison mailbox rule").

in the state criminal justice systems, and not as a means of error correction.'" *Ledford v. Warden, Ga. Diagnostic & Classification Prison*, 818 F.3d 600, 642 (11th Cir. 2016) (quoting *Greene v. Fisher*, 565 U.S. 34, 38 (2011)) (quotation marks omitted)).

Thus, the Court may grant relief from a state court judgment only if the state court's decision on the merits of the issue was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d). In that respect, the Eleventh Circuit has made clear that:

> [a] state court's decision rises to the level of an unreasonable application of federal law only where the ruling is 'objectively unreasonable, not merely wrong; even clear error will not suffice.' *Virginia v. LeBlanc*, 582 U.S. ___, ___, 137 S. Ct. 1726, 1728, 198 L.Ed.2d 186 (2017) (*per curiam*) (quoting *Woods v. Donald*, 575 U.S. ___, ___, 135 S. Ct. 1372, 1376, 191 L.Ed.2d 464 (2015) (*per curiam*)). This standard is "meant to be" a difficult one to meet. *Harrington v. Richter*, 562 U.S. 86, 102, 131 S. Ct. 770, 786, 178 L.Ed.2d 624 (2011).

*Rimmer v. Sec'y, Fla. Dep't of Corr.*, 876 F.3d 1039, 1053 (11th Cir. 2017).

Federal courts "must also presume that 'a determination of a factual issue made by a State court [is] correct,' and the petitioner 'ha[s] the burden of rebutting the presumption of correctness by clear and convincing evidence.'" *Morrow v. Warden*, 886 F.3d 1138, 1147 (11th Cir. 2018) (quoting 28 U.S.C. § 2254(e)(1)). "This presumption of correctness applies equally to factual determinations made by the state trial and appellate courts." *Pope v. Sec'y for Dep't of Corr.*, 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting *Bui v. Haley*, 321 F.3d 1304, 1312 (11th Cir. 2003)).

More recently, the Supreme Court of the United States in *Wilson v. Sellers*, 138 S. Ct. 1188, 1194 (2018), concluded there is a "look through" presumption in federal habeas corpus law, as silence implies consent. *See also Kernan v. Hinojosa*, 136 S. Ct. 1603, 1605-1606 (2016) (*per curiam*) (adopting the presumption that silence implies consent but refusing to impose an

6

irrebuttable presumption). Where the state court's adjudication on the merits of a claim is unaccompanied by an explanation, the Supreme Court of the United States instructs that:

> [T]he federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning.

*Wilson*, 138 S. Ct. at 1192. In other words, if the last state court to decide a prisoner's federal claim provides an explanation for its merits-based decision in a reasoned opinion, "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Id.* However, if the relevant state-court decision on the merits is not accompanied by a reasoned opinion, because it was summarily affirmed or denied, a federal court "should 'look through' the unexplained decision to the last state-court decision that does provide a relevant rationale." *Id.*

"The petitioner carries the burden of proof" and the § 2254(d)(1) standard is a high hurdle to overcome. *See Bobby v. Dixon*, 565 U.S. 23, 24 (2011) (quoting *Richter*, 562 U.S. at 102-103 (quotation marks omitted)).

### B.   Ineffective Assistance of Counsel Principles

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both (1) that counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). If the Petitioner cannot meet one of *Strickland's* prongs, the court does not need to address the other prong. *Id.* at 697.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *see also Chandler v. United States*, 218

F.3d 1305, 1315 (11th Cir. 2000). To establish prejudice, the petitioner must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Petitioner has the burden of proof on his ineffectiveness claim, *see Holsey v. Warden*, 694 F.3d 1230, 1256 (11th Cir. 2012) (citation omitted), as well as the burden of proof under § 2254. *See Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017) (collecting cases). "Conclusory allegations of ineffective assistance are insufficient [under *Strickland*]." *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (*per curiam*) (citation omitted).

## V.    Discussion

### A.   Exhaustion and Procedural Bar as to Claims 1, 2, and 4

The State asserts that Claims 1, 2 and 4 are unexhausted. [ECF No. 12 at 7]. In his Reply, Petitioner does not dispute the assertion that his claims were unexhausted. [ECF No. 17]. Rather, he only responds to the State's arguments regarding Claims 3 and 5. [*Id.*].

Issues raised in a federal habeas corpus petition must have been fairly presented to the state courts and thereby exhausted prior to their consideration on the merits. *See Anderson v. Harless*, 459 U.S. 4 (1982); *see also Hutchings v. Wainwright*, 715 F.2d 512 (11th Cir. 1983). Exhaustion requires that a claim be pursued in the state courts through the appellate process. *See Leonard v. Wainright*, 601 F.2d 807 (5th Cir. 1979).

Both the factual substance of a claim and the federal constitutional issue itself must have been expressly presented to the state courts to achieve exhaustion for purposes of federal habeas corpus review. *See Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion also requires review by the state appellate and post-conviction courts. *See Mason v. Allen*, 605 F.3d 1114 (11th Cir. 2010); *see also Herring v. Sec'y Dep't of Corr.*, 397 F.3d 1338 (11th Cir. 2005).

In Florida, exhaustion is ordinarily accomplished on direct appeal. If not, it may be accomplished by the filing of a Rule 3.850 motion and an appeal from its denial, *see Leonard*, 601 F.2d at 808, or, in the case of a challenge to a sentence, by the filing of a Rule 3.800 motion and an appeal from its denial. *See Caraballo v. State*, 805 So. 2d 882 (Fla. 2d DCA 2001).

Ineffective assistance of trial counsel ("IATC") claims are generally not reviewable on direct appeal but are properly raised in a motion for post-conviction relief. *See Kelley v. State*, 486 So. 2d 578, 585 (Fla. 1986). Furthermore, in Florida, claims concerning representation received by appellate counsel are properly brought by way of a petition for habeas corpus relief to the appropriate district court of appeal. *See State v. District Court of Appeal, First District*, 569 So. 2d 439 (Fla. 1990). Exhaustion also requires that an IATC claim not only be raised in a Rule 3.850 motion, but the denial of the claim be presented on appeal. *See Leonard*, 601 F.2d at 808.

"It is not sufficient merely that the federal habeas petitioner has been through the state courts . . . nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made." *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317 (11th Cir. 2004) (citing *Picard v. Connor*, 404 U.S. at 275-76; *Anderson*, 459 U.S. at 6). A petitioner is required to present his claims to the state courts such that the courts have the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." *Picard*, 404 U.S. at 275-77. To satisfy this requirement, "[a] petitioner must alert state courts to any federal claims to allow the state courts an opportunity to review and correct the claimed violations of his federal rights." *Jimenez v. Fla. Dep't. of Corr.*, 481 F.3d 1337, 1342 (11th Cir. 2007) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

"A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the

federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin*, 541 U.S. at 32.

To circumvent the exhaustion requirement, Petitioner must establish that there is an "absence of available state corrective process" or that "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1)(B); *see also Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). Petitioner makes no such showing here.

Failure to exhaust a claim can result in a procedural default bar in federal court if it is obvious that the unexhausted claim would now be procedurally barred in state court. *See Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999). The federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. *See id.* at 1303. However, a petitioner can avoid the application of procedural default by establishing objective cause for failing to properly raise the claim in state court and actual prejudice from the alleged constitutional violation. *See Spencer v. Sec'y, Dep't of Corr.*, 609 F.3d 1170, 1179-80 (11th Cir. 2010).

To show cause, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999); *see also Murray v. Carrier*, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate there is a reasonable probability the outcome of the proceeding would have been different. *See Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

1. Claim 1 is Unexhausted or Otherwise Fails on the Merits

In **Claim 1**, Petitioner claims the trial court violated *Bruton* when it denied his motion for severance and overruled objections to testimony where co-defendant's statements were repeated by other witnesses. [ECF No. 8 at 5].

Although the State asserts that Petitioner did not allege a federal constitutional violation on direct appeal and solely relied on state rules of procedure, this is incorrect. [ECF No. 12 at 12]. Petitioner's claimed on appeal a violation of *Bruton*, a violation of the mandates of Fla. R. Crim P. 3.152(b)(2) on severing defendants, and a violation of Due Process. [ECF No. 13-1 at 40, 73-77]. Specifically, in his direct appeal, Petitioner argued *Bruton*, alleging that the co-defendant implicated him with specific statements and the trial court did not give any curative instructions. [*Id.*]. Yet, in this federal proceeding, Petitioner only vaguely states:

> Whether trial court violated *Bruton* Rule when it failed to sever codefendants. Numerous Pretrial *Bruton* severance motions and objections to testimony and vicarious (sic) admissions were overruled. There are multiple instances when codefendants statements are repeated by other witnesses about the acts "they" did. By proffering and changing witness testimony the court "unreasonably applied" *Bruton*. This issue was exhausted by raising it on direct appeal.

[ECF No. 8 at 5].

In short, Petitioner does not present his claim to the Court as he presented it to the state court where he made specific factual allegations to support a *Bruton* claim. He may not shift the burden to the Court to scour 4,000 pages of trial transcripts to determine whether there is any evidence to support his claims or to otherwise expect the Court to transfer the arguments he made on direct appeal into his federal petition for him. *See Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1474, 1481 n. 12 (11th Cir. 1997); *see also Johnson v. City of Fort Lauderdale*, 126 F.3d 1372, 373 (11th Cir. 1997) ("We are not obligated to cull the record ourselves in search of facts not included in the statements of fact."). Because Florida courts would now refuse to hear Petitioner's claims (more than two years have passed since his conviction), his claim is unexhausted and procedurally barred. Petitioner does not rely on cause and prejudice or actual innocence to excuse his failure to exhaust.

His Reply, devoid of any argument on exhaustion, is a concession to the State's exhaustion arguments.

In any event, **Claim 1** fails on the merits as well. First, as presented in the Amended Petition, it is unclear how *Bruton* applies to Petitioner's claim that the trial court erred in denying his motion for severance of his co-defendant. Petitioner provides no explanation or facts to support his bare, legal conclusion.[5] He raises no constitutional claim only a citation to *Bruton*.

The introduction of a co-defendant's confession in a form not subject to cross-examination violates a defendant's Sixth Amendment right to confront the witnesses against him and to cross-examine them. *See Bruton*, 391 U.S. at 126. But here, Petitioner makes no mention of any co-defendant confession presented at trial or that a co-defendant's confession was somehow not otherwise subject to cross examination. He only states generally that the "codefendant['｣s statements are repeated by other witnesses" and somehow "this "proffering" "chang[ed] witness testimony." [ECF No. 8 at 5]. In short, the claim is insufficiently pled.

Second, to the extent Petitioner's claims the overruled objections were error, he presents no factual support. Accordingly, the issues raised as **Claim 1** do not warrant relief and should be DENIED.

2. Claim 2 is Unexhausted

In **Claim 2**, Petitioner claims the trial court erred when it denied his motion for judgment of acquittal because there was insufficient evidence of malice to elevate the charge from manslaughter to premeditated murder. [ECF No. 8 at 7]. The claim most similar to Claim 2 is the

---

[5] Petitioner is cautioned that arguments not raised before the Magistrate Judge cannot be raised for the first time in objections to the Undersigned's Report. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."). Here, if Petitioner attempts to raise a new claim or argument in objections, the Court should exercise its discretion and decline to address the newly-raised arguments.

one supplemental claim Petitioner filed during his direct appeal: the trial court erred when it denied

his motion for judgment of acquittal where there was insufficient evidence to support kidnapping

or felony murder. [ECF No. 13-1 at 168-176].

Not only is the claim not the same, but at the state court, Petitioner relied solely on

*Robinson v. State*, 936 So. 2d 1164, 1166 (Fla. 1st DCA 2006) and *Delgado v. State*, 71 So. 3d 54

(Fla. 2011). [*Id*. at 174]. Petitioner did not raise this claim as a federal constitutional issue in the

state courts; therefore, **Claim 2** is unexhausted and procedurally barred. *See Baldwin*, 541 U.S. at

27. Petitioner does not rely on cause and prejudice or actual innocence to excuse his failure to

exhaust. Finally, in his Reply, Petitioner does not dispute that Claim 2 is unexhausted.

Accordingly, **Claim 2** should be DENIED.

3. Claim 4 is Unexhausted

In **Claim 4**, Petitioner claims the trial court failed to recuse itself for bias in violation of

the Sixth or Fourteenth Amendment. [ECF No. 8 at 10]. On the record, the court called Petitioner

a "coward," "deceiver," "liar," and "cheater." [*Id*.]. Petitioner also relies on *Brecht*, "*cf. Harrison

v. McBride*, 428 F.3d 652 (7th Cir. 2005)." [*Id*.].

At no point did Petitioner raise this claim in state court as a violation of his Sixth or

Fourteenth Amendment rights. [*Id*. at 94-97]. On direct appeal, Petitioner claimed the trial court

should have disqualified itself when it resorted to name calling during sentencing in violation of

*Yisrael v. State*, 65 So. 3d 1177, 1178 (Fla. 1st DCA 2011); *Nawaz v. State*, 28 So. 3d 122, 124

(Fla. 1st DCA 2010); *Campbell's Soup Co. v. Roberts*, 676 So. 2d 435, 436 (Fla. 2d DCA 1995)

and other Florida cases. [ECF No. 13-1 at 40, 94-97]. There, Petitioner argued, he was entitled to

resentencing by a different judge, pursuant to *Hannum v. State*, 13 So. 3d 132 (Fla. 2d DCA 2009).

[*Id*. at 96].

Petitioner does not rely on cause and prejudice or actual innocence to excuse his failure to exhaust. Petitioner does not dispute in his reply that Claim 4 is unexhausted. [ECF No. 17]. Accordingly, **Claim 4** is unexhausted and should be DENIED.

### B.   Claims 3 and 5 on the Merits

1.   Claim 3 is Improperly Pled and is Unexhausted

In **Claim 3**, Petitioner claims that the trial court violated *Crawford* in allowing the state's medical examiner to testify to the toxicology report. [ECF No. 8 at 8]. Petitioner asserts that his expert testimony and test were more accurate. [*Id*.]. The State construes the claim as Petitioner's challenge as to whether "the report relied upon by the expert witness qualified as inadmissible hearsay." [ECF No. 12].

In Reply, Petitioner claims that the State's argument "is misleading and inaccurate." [ECF No. 17 at 1]. Petitioner clarifies in his reply that he is challenging the reliability of the state's expert opinion under *Daubert v. Merrell Dow Pharms., Inc*., 509 U.S. 579 (1993) and Fed. R. Evid. 702. [*Id*. at 2]. Careful review of the Amended Petition supports the interpretation that Petitioner is not raising a hearsay claim but rather challenges the expert opinion and interpretation of the lab reports made by the State's expert. [ECF No. 8 at 8]. What is problematic with Petitioner's claim, as presented, is that he makes only a general allegation without providing facts to support his assertion. [*Id*.].

For the first time in his unsworn Reply, Petitioner attempts to provide additional or completely new facts [ECF No. 17 at 3-4], which is impermissible and not authorized by the applicable rules.[6] Petitioner was required to state all of his claims and the factual support for those claims in his Amended Petition. *See* R. 2(c), Rules Governing Section 2254 Proceedings ("The

---

[6] The rules require the claims and facts supporting those claims to be presented under the penalty of perjury. *See* 28 U.S.C. § 2242 and S.D. Fla. L.R. 88.2(a).

petition must: (1) specify all the grounds for relief available to the petitioner . . ."). Petitioner may not amend his petition as a matter of course by including new and independent factual claims in his Reply because the State had already served a Response. *See* Fed. R. Civ. P. 15(a) (a party is permitted to amend a pleading once "as a matter of course" at any time before a responsive pleading is served or, otherwise, only by leave of court or by written consent of the adverse party); *see also* R. 11, Rules Governing Section 2254 Proceedings.

Petitioner did not raise these factual assertions in his Amended Petition. Petitioner did not seek further leave to amend any of his claims and is barred from raising any in his reply. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994). This Court is mindful of its responsibility to address and resolve all claims raised in a petition. *See Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (instructing "the district courts to resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254."); *see also Williams v. Florida Dep't. of Corr.*, 391 F. App'x 806, 810 (11th Cir. 2010). That said, nothing in *Clisby* requires or suggests consideration of a claim raised for the first time in a reply.

It is important to note that on direct appeal, Petitioner's claim was specific. Petitioner claimed that the trial court erred in allowing the medical examiner to testify to the contents of the toxicology report in violation of the confrontation clause citing *Crawford*, *Bullcoming v. New Mexico*, 131 S. Ct. 2705, 2709-10 (2011), and other cases in support; as a discovery violation under Fla. R. Crim. P. 3.220(b)(1) and *Richardson v. State*, 246 So. 2d 771 (Fla. 1971); and as violative of Florida's hearsay statute. [ECF No. 13-1 at 78-91]. Petitioner's argument on direct appeal was that the analyst who conducted the actual analysis and signed and certified the forensic report should have testified instead of the state's expert. [*Id*. at 80-81].

*Crawford* and its progeny stand for the principle that the way to ensure the reliability of evidence is by testing through cross-examination. The Supreme Court explained the goal of the Confrontation Clause is:

> to ensure reliability of evidence, but it is a procedural rather than a substantive guarantee. It commands, not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination. The Clause thus reflects a judgment, not only about the desirability of reliable evidence (a point on which there could be little dissent), but about how reliability can best be determined

*Crawford*, 541 U.S. at 61.

In his Amended Petition, Petitioner does not argue that he was denied the opportunity to cross-examine the state's expert witness. Rather, here, he maintains that his expert was more accurate and more reliable. However, not only is this claim not within the dictates of *Crawford*, Petitioner did not raise this issue at all at the state level.

The State has not expressly waived exhaustion because it simply erroneously stated that the claim "appear[s] properly exhausted." [ECF No. 12 at 7]. The federal habeas statute provides, "[a] State is not deemed to have waived the exhaustion requirement . . . unless the State, through counsel, expressly waives the requirement." 28 U.S.C. § 2254(b)(3). "If the procedural bar defense arises from the petitioner's failure to raise the claim at all and thereby exhaust state remedies, that defense cannot be waived implicitly by the State's failure to assert it." *Smith v. Sec'y, Dep't of Corr.*, 572 F.3d 1327, 1339 (11th Cir. 2009).

Petitioner did not argue on direct appeal, or anywhere else, that his expert was the more reliable witness. Thus, **Claim 3** is unexhausted and should be DENIED.

2. Claim 5 – Counsel is Not Ineffective for Failing to File a Motion to Compel Testimony.

In **Claim 5**, Petitioner claims that counsel was ineffective for failing to file a motion to compel testimony by expert witness Susan Adams. [ECF No. 8 at 16]. Adams was the technician

who signed the toxicology report from Wuesthoff Reference Laboratory. [*Id.*]. According to Petitioner, counsel did not learn that Adams did not actually perform the test until mid-trial and should have deposed her to determine the true author of the report. [*Id.*]. According to Petitioner, because Adams did not testify, the medical examiner based his opinion on a misrepresentation of the toxicology report. [*Id.*].

The state asserts that counsel was not ineffective because such claims are not favored in habeas proceedings because testimony content and the effect on the jury is speculative. [ECF No. 12 at 26]. Moreover, the state maintains that the state court rulings were not contrary to or an unreasonable application of clearly established federal law nor an unreasonable determination of the facts in light of the evidence presented. [*Id.* at 29].

In Reply, Petitioner argues counsel should have compelled Adams' testimony when she failed to appear for a deposition. [ECF No. 17 at 5]. However, Petitioner also provides additional facts, for the first time, regarding the testimony of Dr. Goldberger to demonstrate why Adams' testimony was necessary. [*Id.* at 5-6]. However, as previously noted, because a reply is not the proper vehicle to present the supporting facts for claims, the Court will only consider the facts presented in the Amended Petition.

"Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision and it is one that [the courts] will seldom, if ever, second guess." *Conklin v. Schofield*, 366 F.3d 1191, 1204 (11th Cir. 2004). Complaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative. *See Bray v. Quarterman*, 265 F. App'x 296, 298 (5th Cir. 2008). "Thus, to prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness,

17

demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense. *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) (citing *Bray*, 265 F. App'x at 298, and *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)).

"The presumption of reasonableness is even stronger when we are reviewing the performance of an experienced trial counsel." *Callahan v. Campbell*, 427 F.3d 897, 933 (11th Cir. 2005) (internal citation omitted). At the time of the underlying criminal case, Byron Hileman, Christopher Boldt, and Shirley Whitsitt had thirty-five years, twenty-three years, and eighteen years of experience, respectively.

Nevertheless, Petitioner fails to allege that Adams was available to testify and would have done so. In addition, there were attempts to secure Adams as a witness, though unsuccessful, and attempts to pursue other strategies to limit the introduction of other testimony regarding the report. During trial, co-defendant's counsel, Mr. Gray, notified the court that there was an executed subpoena and a certificate of non-appearance by Adams for a failure to appear at deposition. [ECF No. 14-20 at 8; *see also* subpoena at ECF No. 13-1 at 14]. Mr. Gray, on this premise, also objected to Dr. Nelson, the State's expert, testifying to the Wuestoff report. [*Id*. at 9]. Mr. Gray argued they had made a "good-faith effort" to secure Adams knowing she had not conducted the analysis and authored the report. [*Id*. at 11]. On the record, Petitioner's attorneys joined the motion. [*Id*. at 12-13]. Yet, with the subpoena outstanding, the defense intended to call Adams as a rebuttal witness. [*Id*. at 17]. Moreover, in the interest of fairness, the state court considered all defense attorneys as "co-counsel," expected them "to confer with each other" with one attorney to address each issue. [*Id*. at 19]. In denying the motion, although the state court stated that counsel had the opportunity to seek a motion to compel Adams and failed to do so, it acknowledged, "they've got a subpoena

out for her…then she can appear and testify." [*Id.* at 21]. Arguably, the decision to refrain from filing a motion to compel falls within the scope of reasonable trial strategy. Lastly, Petitioner does not say which, if any or all, of his attorneys should have filed a motion to compel, and, thus, cannot meet his burden.

Petitioner raised this claim within his Rule 3.850 motion. [ECF No. 13-1 at 198-205]. In denying post-conviction relief, the state court laid out a detailed analysis. [ECF No. 13-2 at 2-5]. The court determined that the record demonstrated counsel did object to testimony regarding the lab report from someone other than Adams and noticed the court of Adams' failure to appear for deposition. [*Id.* at 3]. The court explained that the defense also presented expert testimony from Dr. Wright who reviewed the Wuestoff report and other evidence. [*Id.* at 3]. The defense presented trial testimony from Dr. Wright detailing the spectrophotometry, microdiffusion, and relationship between the two in specific disagreement with Dr. Nelson, the state's expert who testified that the victim was alive when he was burned; Petitioner testified on his own behalf; and, the state presented a rebuttal expert to contradict Dr. Wright's findings. [*Id.* at 2-12].  Additionally, because the jury also found Petitioner guilty of kidnapping, it could have found him guilty of first-degree murder based on the kidnapping. [*Id.* at 3]. Given the sufficiency of the evidence presented at trial overall, Petitioner was not prejudiced. [*Id.* at 4, 10-11]. The appellate court affirmed the decision. *See Felipe*, 272 So. 3d at 1265. The Florida Supreme Court dismissed the case for lack of jurisdiction. [ECF No. 13-3 at 217].

The state court's decision was not contrary to nor an unreasonable application of federal law. The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (internal citations

19

omitted). Double deference is due. Accordingly, **Claim 5** does not warrant relief and should be DENIED.

## VI.    Evidentiary Hearing

Based upon the foregoing, any request by Petitioner for an evidentiary hearing on the merits of any or all of his claims should be denied since the Amended Petition can be resolved by reference to the state court record. *See* 28 U.S.C. § 2254(e)(2); *see also Schriro v. Landrigan*, 550 U.S. at 474 (holding that if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing). Petitioner has failed to satisfy the statutory requirements in that he has not demonstrated the existence of any factual disputes that warrant a federal evidentiary hearing.

## VII.    Certificate of Appealability

A petitioner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA") to do so. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009).

This Court should issue a COA only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Alternatively, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

After review of the record, Petitioner is not entitled to a COA. Nevertheless, as now provided by the Rules Governing § 2254 Proceedings, R. 11(a): "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the District Judge in the objections permitted to this Report and Recommendation.

## VIII.    Recommendations

Based upon the foregoing, it is recommended that the Amended Petition for Writ of Habeas Corpus [ECF No. 8] be DENIED, no certificate of appealability issue, and the case be CLOSED.

A party may serve and file written objections, if any, to this Report and Recommendation with the District Judge within **FOURTEEN DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

SIGNED this 10th day of December, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:    Kenneth E. Felipe
       H45840
       Century Correctional Institution
       Inmate Mail/Parcels
       400 Tedder Road
       Century, FL 32535
       PRO SE

       Ryan James Sydejko
       Office of the Attorney General

Criminal Appeals
3507 E. Frontage Rd, Suite 200
Concourse Center 4
Tampa, FL 33607
Tel: 813-287-7900
Email: ryan.sydejko@myfloridalegal.com